DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

NATARAJAN GURUMOORTHY,

    Defendant-Petitioner.

Criminal Case No. 08-00043
Civil Case No. 11-00016

**OPINION AND ORDER RE:
28 U.S.C. § 2255 MOTION**

This matter is before the court on Defendant/Petitioner's ("Petitioner") Motion to Set Aside, Correct or Vacate his Sentence of 54 months pursuant to 28 U.S.C. § 2255. Def.'s Mot. ECF No. 56. The court **DENIES** the Petitioner's motion on the basis of ineffective assistance of counsel.

## I. FACTS

On September 3, 2008, Natarajan Gurumoorthy ("Petitioner") pled guilty to one charge of Possession of More than Fifteen Counterfeit and Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3) and one charge of Possession of Device Making Equipment, in violation of 18 U.S.C. § 1029(a)(4). Without benefit of a plea agreement, the Petitioner entered a "straight up plea of guilty" to both counts before the Magistrate Judge. *See* Plea Hr'g Tr., Sept. 3, 2008, ECF No. 60.

The Magistrate Judge conducted a Rule 11 hearing and, during the plea colloquy, the Petitioner was advised of the applicable maximum terms of incarceration that the charges

carried. *Id*., Tr. 6:4-18. While under oath at the plea hearing, the Petitioner acknowledged that the guilty plea was not the result of any threats, coercion or improper pressure and that there had been no promises made to get him to plead guilty. *Id*., Tr. 5:16-21. He also admitted that he had discussed the advisory sentencing guidelines that might apply to his case with his attorney. *Id.,* Tr. 7:11-16. The Magistrate Judge made it clear that any sentence ultimately imposed could be different from any estimate that he and his counsel discussed. *Id.,* Tr. 8:1-5. Furthermore, the Petitioner stated that he was satisfied with counsel's services. *Id.*, Tr. 5:9-12. Finding that the plea had been freely and voluntarily made and that the Petitioner had a full understanding of the charges and consequences of the plea, the Magistrate Judge recommended that this court accept the plea of guilty. Ct.'s Rpt. and Recomm., ECF No. 17. On September 23, 2008, this court accepted the plea of guilty. Ct.'s Order, ECF No. 18.

On March 25, 2009, the parties appeared before this court for sentencing. *See* Ct.'s Min., ECF No. 29. At that time, the Probation Officer reported that under a Total Offense Level of 17 under the Guidelines, the sentencing range was 24-30 months imprisonment. The Government moved for an upward departure of 24 additional months under U.S.S.G. § 5K2.21 to the sentence actually imposed by the court. Gov't's Br., ECF No. 31. At defense counsel's request the court continued the hearing to give the parties time to file further briefing on the issue. On April 15, 2009, after full consideration of all the factors set forth in 18 U.S.C. § 3553(a), the court sentenced the Petitioner to the high end of the range, 30 months, and granted the Government's requested 24-month upward departure under U.S.S.G. § 5K2.21 and 18 U.S.C. §3553(a) for a 54-month judgment. J., ECF No. 37.

The Petitioner appealed his conviction to the Ninth Circuit Court of Appeals on May 5, 2009. *See* ECF No. 40. On March 1, 2010, the appellate court affirmed the Petitioner's conviction in an unpublished memorandum. *United States v. Natarajan Gurumoorthy,* No. 09-10182 (9th Cir. Mar. 1, 2010), ECF No. 53. On May 31, 2011, the Petitioner filed the present motion. Pet.'s Mot., ECF No. 56.

///

## II. DISCUSSION

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The Petitioner first claims that he is entitled to revoke his plea of guilty and plead anew because the Government breached the plea agreement by arguing for an upward departure. He also argues that he was provided ineffective assistance because counsel principally failed to: (1) explain the consequences of the sentencing guidelines and his potential sentencing exposure under the Guidelines; and (2) raise the Government's breach of the plea agreement and *Booker* violations during the sentencing and on appeal. *See* Pet'r's Mot., ECF No. 56. The court will address each of the Petitioner's claims in turn.

### A. The Government Breached the Plea Agreement

The Petitioner first contends that he should be permitted to revoke his guilty plea because the Government breached the "plea agreement" by moving for an upward departure under U.S.S.G. § 5K2.21 at sentencing. The Petitioner states that his attorney told him that the "plea agreement" limited his sentencing exposure and that the "agreement" included a promise by the Government "not to seek any increase in for uncharged or dismissed counts." Def.'s Mot. ECF No. 56, p.8. The court notes that there is no plea agreement on record for this court's review. Accordingly, Petitioner's claim fails.

### B. Defense Counsel's Performance

The Petitioner next argues that his counsel was ineffective because (1) he failed to fully explain the potential sentence he was facing under the Guidelines and (2) failed to raise sentencing and appellate issues related to *Booker*, 543 U.S. 220 (2005). To succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate both that counsel's conduct was deficient and that such deficiency prejudiced his defense. *Strickland v. Washington*, 466

U.S. 668, 693 (1986). To demonstrate deficiency by counsel, Petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Then, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### 1. Explanation of the Advisory Sentencing Guidelines

Petitioner's first claim for relief alleges he suffered ineffective assistance of counsel when his attorney "misinformed" him that his likely exposure to prison would be 30 months maximum under the Guidelines. He claims that had he known the court could impose a sentence exceeding 30 months, he would have, instead, gone to trial. The court finds the claim is without merit. *See U.S. v. Chavez*, 40 Fed.Appx. 482, 484 (9th Cir.2002) (where a defendant is informed by the court as to applicable mandatory minimum and maximum sentences, the advisory nature of the sentencing guidelines and the possibility that the sentence imposed could be more severe than anticipated, the defendant is adequately informed and the failure of the defendant's counsel to warn of the possibility of a more severe sentence is not ineffective assistance.).

The record of the plea colloquy shows that he was advised of the maximum sentence he could receive for each count.

> [THE COURT]: All right. At this time, let me discuss with you the penalties that you face by pleading guilty to Count One, which is possession of more than 15 counterfeit and unauthorized access devices.
>
> Now, for this count, the *maximum penalty* is not more than ten years,
>
> ...
>
> With regard to Count Two, possession of a device-making equipment, this carries a *maximum sentence* of not more than 15 years
>
> [THE COURT]: Do you understand these?
>
> [DEFENDANT]: Yeah.

*See* Tr. 5:4-5:24, ECF No. 60. (emphases added).

In addition, the Petitioner, under oath, admitted that his attorney had discussed how the

Guidelines might apply to his case and that he was advised by the court that the sentence he received may be different from any estimate he and his attorney had discussed.

> [THE COURT]: And at this time, let me then advise you that – what the possible consequences of your plea might be. And in your case, your ultimate sentence will be determined by a combination of advisory sentencing guidelines, possible *authorized departures* from those guidelines and other statutory factors.
>
> Now have you and your attorney talked about how the advisory sentencing guidelines might apply to your case?
>
> . . . .
>
> [DEFENDANT]: Yeah.
>
> . . . .
>
> [THE COURT]: And do you understand, sir, that at this point, the Court is not in a position to determine the advisory guideline range for your case until the court has ordered a presentence report, until you and the Government have had an opportunity to read the presentence report, perhaps challenge facts that may be reported in the presentence report and possibly also challenge the application of the guidelines that may be recommended by the probation officer?
>
> Also, *do you understand that any sentence you ultimately may receive may be different from any estimate that you and your attorney may have talked about*. Do you understand that?
>
> [DEFENDANT]: Yeah.

*See* Tr. 7:5-8:5, ECF No. 60. (emphases added).

The Petitioner's after-the-fact statements that his lawyer did not properly advise him of his potential sentencing exposure are without support.

Moreover, the Ninth Circuit has held that an error in predicting a sentence will not render an attorney's performance deficient unless it amounts to a "gross mischaracterization of the likely outcome" of the case. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir.1986). In *Iaea*, the court found a deficient performance when the lawyer in question predicted that Iaea would likely receive probation, but the judge sentenced him to life in prison.

In *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) the defendant received a

sentence of fifteen years after his counsel told him that he would not receive a sentence of more than twelve years. The Ninth Circuit found that "Doganiere's attorney's inaccurate prediction of what sentence Doganiere would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of his case, and thus does not constitute ineffective assistance of counsel." Following the Ninth Circuit, the 24 months variance in this case cannot be deemed a "gross mischaracterization of the likely outcome."

Petitioner did not, and cannot claim, that he was not cautioned that the sentence could be more severe than anticipated based on the consideration of other relevant conduct. Prior to his sentencing, the Petitioner was put on notice that the Government was recommending an upward departure in its sentencing memorandum. Gov't's Br., ECF No. 26. That recommendation was then discussed at the sentencing hearing on March 25, 2009, which was continued to April 15, 2009, in order for the parties to file additional briefing on the issue.

Clearly the Petitioner knew that the court was seriously considering an upward departure. Yet, prior to and during the sentencing the Petitioner did not raise concerns about being misled by counsel. Nor did he take any action to revoke his plea. While in hindsight, the Petitioner may regret his decision entering into the plea and not proceeding to trial, there is nothing suggesting that he did not understand the nature of the charges to which he was pleading and the possible consequences of his plea. Consequently, he fails to establish a valid ineffective assistance of counsel claim on this issue, and this claim is denied.

### 2. *Booker* Violations

Petitioner asserts that his attorney was ineffective because he failed to raise issues related to *Booker*, 543 U.S. 220 (2005) at his sentencing and on appeal. However, other than broad and conclusory allegations, the Petitioner fails to identify any specific factors or information to support his claim. See *United States v. Robertson*, 2008 WL 4966207, at *1 (E.D.Cal. November 20, 2008) (a petitioner under section 2255 must state his or her claims with specificity). Consequently, this claim is denied.

///

**C. Defendant was not Prejudiced**

Even if Petitioner could show that his counsel was deficient, he still has not met his burden. The second prong under *Strickland* requires Petitioner to show that his counsel's deficient performance so prejudiced him that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 687; *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (To satisfy the prejudice component of ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

While Petitioner now maintains that he would not have entered a guilty plea had he been properly informed of his sentencing exposure, Petitioner fails to articulate any possible benefits that he could have, but did not receive, had he gone to trial. In fact, as a result of entering a plea, the Government agreed to recommend at sentencing a two-level reduction for acceptance of responsibility, and agreed to an additional one-level reduction because Petitioner provided timely notification of his intent to plead guilty. *See* U.S.S.G. 3E1.1. Again there is no indication from the record that Petitioner would have received a lighter sentence, and in all likelihood, a harsher sentence would have been imposed had he gone to trial.[1] *See James v. Borg.,* 24 F.3d 20, 26 (9th Cir. 1994)("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)("Allegations of fact, rather than conclusions, are required."). Accordingly, the Petitioner has failed to show ineffective assistance of counsel.

**D. Certificate of Appealability**

This court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is DENIED in this case.

---

[1] The court noted at sentencing that this was an extremely serious offense with 142 intended victims. *See* Sentencing, Apr. 15, 2009, Tr. 35:4-25, ECF No. 45.

## III. CONCLUSION

Based upon the foregoing, the court **DENIES** the Defendant's Motion to Vacate, Set Aside, or Correct Sentence on the grounds of ineffective assistance of counsel.

**IT IS SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge
**Dated: Jan 11, 2012**